IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARTON E. PRINCE and ANGELA W. PRINCE, <br><br> PLAINTIFFS, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, As trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2, <br><br> DEFENDANT. | ) <br> ) <br> ) <br> ) <br> ) CASE NO.; 08-574 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2, ("U.S. Bank") aver as follows:

## JURISDICTION

1.  This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

2.  These claims arise from real estate loan transactions resulting in a mortgage upon Plaintiffs' home which is located in this district. The Plaintiffs assert claims against Defendant "U.S. Bank" arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Plaintiffs allege that Resmae Mortgage Corporation, ("Resmae") the originator of the Plaintiffs' loan, failed to make accurate disclosures as required under TILA. Specifically, Resmae failed to provide adequate Truth-in-Lending Act (TILA) disclosures. As a consequence

of the failure to provide adequate disclosures the Plaintiffs have retained their rights to cancel the transaction. The Plaintiffs have exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. As to the Plaintiffs, U.S. Bank has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellation. The Plaintiffs seek a court determination that their loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for wrongful foreclosure, violations of TILA, plus attorney's fees and costs.

## THE PARTIES

3. Plaintiffs are of full age of majority and reside in this district.

4. U.S. Bank is a Minnesota corporation with its principal place of business at Minneapolis, Minnesota. At all relevant times, U.S. Bank was engaged in the making, holding and/or selling of federally related residential mortgage loans. U.S. Bank does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

5. The Plaintiffs' loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

6. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate

"material disclosures" required by TILA. 15 U.S.C. § 1635(a). "Material Disclosures" means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed… 15 U.S.C. § 1602(u). If the required disclosures are not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

7. A. consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

8. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

9. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may has an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

10. As to the Plaintiffs' loan, REsmae failed to provide accurate disclosures of the annual percentage rate, the amount of the finance charge and the amount to be financed.

11. Pursuant to TILA, 15 U.S.C. §1635, Plaintiffs have retained the right to rescind their mortgage loan.

12. Rescission under TILA is affective against assignees as well as originators of covered loans. See 15 USC § 1641(c).

13. The Plaintiffs have exercised their right to cancel the transaction and have notified U.S. Bank of their election to cancel as required by 15 U.S.C. § 1635. As to the Plaintiffs, U.S. Bank has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

14. U.S. Bank is a "creditor" as that term is defined at 15 U.S.C. §1602(f) and it claims an interest in the Plaintiffs' property.

15. Plaintiffs at all material times, resided at 8094 Creekbank Drive, Daphne, Alabama.

16. On or about January 26th 2007, plaintiffs obtained a residential real estate mortgage loan with Resmae in the amount of $270,000.

17. Said loan was secured by Plaintiffs' principal residence.

18. Incident to the loan Resmae failed to provide accurate TILA disclosures and understated the amount financed.

19. As a result of the failure to provide the notices and disclosures required by TILA, Plaintiffs have retained their right to cancel the transaction.

20. By letter dated June 2nd 2008, Plaintiffs, through their attorney, notified U.S. Bank of their election to rescind the loan.

21.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

22.     U.S. Bank, prior to the delivery of the notice of Plaintiffs' election to cancel, claimed to have a security interest in real estate which is used by Plaintiffs as their principal dwelling.

23.     Despite being on notice that the loan had been rescinded U.S. Bank conducted a foreclosure sale and notified the plaintiffs of their demand for possession of the home.

## COUNT I
## TILA VIOLATIONS

24.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

25.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

26.     Defendant has violated TILA in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to accurately make the disclosures required by TILA.

## COUNT II
## WRONGFUL FORECLOSURE AND
## SLANDER OF TITLE

27. The allegations stated in the above paragraphs are incorporated as if fully asserted herein.

28. U.S. Bank's above-described actions in scheduling and attempting to foreclose and purportedly foreclosing on the Prince's home, when it has no legal right to do so, constitute wrongful foreclosure.

29. Additionally U.S. Bank has recorded a void foreclosure deed that slanders the title of the Prince's property.

30. The plaintiffs have suffered and continue to suffer extreme mental anguish, emotional distress and fear of losing their home as a result of U.S. Bank's wrongful actions.

31. The acts of U.S. Bank were willful, intentional, designed to and did inflict emotional distress on the plaintiffs.

32. The plaintiffs have also been humiliated and embarrassed and have otherwise been injured and damaged.

33. Their property has been rendered unmarketable.

WHEREFORE the plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT III
## ABUSE OF PROCCESS

34. The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

35. Although U.S. Bank was on notice at all pertinent times that the Prince's transaction had been rescinded it filed the instant action in an effort to coerce the plaintiffs to acquiesce to the wrongful foreclosure and give up their home.

36. Such conduct constitutes an abuse of process.

WHEREFORE the Plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

37. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

38. The purported foreclosure sale was wrongful, not conducted in accordance with the applicable law.

39. There exists a justicable dispute as to the amount of payments made by Plaintiffs, the application of those payments and whether Plaintiffs had satisfied all outstanding past due obligations at the time of the foreclosure.

40. The Plaintiffs offer to do equity.

WHEREFORE, the Plaintiffs request that this Court exercise its equitable powers and issue an Order providing the following injunctive and declaratory relief:

A. A declaration that the foreclosure was void, wrongful and conducted in the absence of any right to foreclose;

B. A declaration that U.S. Bank has no valid claim to possession of the subject property; and

C. That U.S. Bank be ordered to provide a full accounting of all payments received from the inception of the mortgage to the foreclosure and explanation of how those payments were allocated;

D. Statutory damages as provided in 15 U.S.C. § 1640(a);

E. Actual damages in an amount to be determined at trial;

F.  Rescission of the including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

G.  A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring U.S. Bank to release such security interest;

H.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with the transaction;

I.  A declaration that Plaintiffs have no duty to tender the loan proceeds to U.S. Bank, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring U.S. Bank to accept tender on reasonable terms and over a reasonable period of time;

J.  An award of reasonable attorney fees and costs; and

K.  Such other relief at law or equity as this Court may deem just and proper.

```
_____
EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiff
21 South Section St.
Fairhope, Alabama  36532
Telephone: 251.990.5558
Facsimile: 251.990.0626
E-mail: epunderwood@alalaw.com
```

**THE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____
EARL P. UNDERWOOD, JR.

**DEFENDANT U.S. BANK TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**U.S. Bank National Association**
800 Nicollet Mall
Legal Department, 21st Floor
Minneapolis, MN 55402