IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARTON E. PRINCE and ANGELA W. PRINCE, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CASE NO.: 08-574 |
| U.S. BANK NATIONAL ASSOCIATION, ) As trustee, on behalf of the holders of the ) Home Equity Asset Trust 2007-2 Home ) Equity Pass-Through Certificates, Series ) 2007-2, et al. ) ) | |
| Defendants. ) | |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO REQUIRE PLAINTIFFS TO PAY FUNDS INTO COURT

COMES NOW Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corporation, attorney-in-fact for U.S. Bank National Association, as Trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2 ("Defendant"), by and through its undersigned counsel, and files this Reply to Plaintiffs' Response to Defendant's Motion to Require Plaintiffs to Pay Funds into the Court. In support thereof, Defendant states as follows:

1. Pursuant to the valid power of attorney executed on April 5, 2007 and attached as Exhibit A to Defendants' Motion in Opposition to Plaintiffs' Motion

for Default, Defendant has standing to use any lawful means to recover or collect upon the mortgage debt which is at issue in this litigation. Plaintiffs do not dispute the authenticity of this Power of Attorney, nor do they even address the Power of Attorney in their Response. Thus, Plaintiffs' contention that Defendant does not have standing is simply unfounded.

2.  Any discussion between the parties and/or their counsel is irrelevant to this Motion.[1] Plaintiffs have a pre-existing obligation to remit monthly payments in exchange for continued possession of the property. Plaintiffs are no longer paying mortgage payments on the property by virtue of the foreclosure, yet continue to maintain possession of the property. Plaintiffs are no longer the rightful owners of the property. In the interest of justice and equity, Plaintiffs should be required to compensate Defendant for their possession of the property, which Defendant now owns.[2] Moreover, Plaintiffs' reluctance to submit monthly payments to this Court during the pendency of this action further evidences their inability to tender the rescission amount.

---

[1] Defendant maintains that these discussions are proper for this Court to consider because the discussions and correspondence are central to Plaintiffs' claims that they have the financial ability to pay the rescission amount in order to rescind the loan as requested. *See e.g. Day v Taylor*, 400 F.3d 1276, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

[2] In the alternative, Defendant requests that Plaintiffs surrender possession of the property as they are no longer the rightful owners. Defendant filed a counterclaim for possession of the property on March 3, 2009. Plaintiffs' Response does not address this demand in any way.

3. Defendant is the proper creditor and no court intervention is necessary to determine the amount of Plaintiffs' prior mortgage payments. This information is readily available to both parties.

4. Defendant denies that it has not made a demand or request for monthly payments as Plaintiffs allege in their Response. *See e.g.*, Defendant's Motion to Pay Funds into Court. However, Defendant now restates its demand that Plaintiffs be required to pay into a court ordered account on a monthly basis payments equal to or near the amount of their previous monthly mortgage payment while they continue to occupy the property and conduct these proceedings.

WHEREFORE, PREMISES CONSIDERED, in the interests of equity and justice, Defendant respectfully requests that the Plaintiffs be compelled to pay into a court ordered account on a monthly basis payments equal to or near the amount of their previous monthly mortgage payment while they continue to occupy the property and conduct these proceedings. The Defendant further requests that it be permitted to stake a claim to the proceeds at the end of this litigation for lost rents.

Respectfully submitted this 8th day of May, 2009.

/s/ Mary Blanche Neese
Shaun K. Ramey
Mary Blanche Neese
Attorneys for Defendant

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue So.
Birmingham, AL 35205
205-930-5100

## CERTIFICATE OF SERVICE

I hereby certify that on May 8th, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr., Esq.
James Patterson, Esq.
21 South Section Street
Fairhope, AL 36532

Kenneth J. Riemer, Esq.
P.O. Box 1206
Mobile, AL 36633

/s/ Mary Blanche Neese
Of counsel