**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BARTON E. PRINCE and ANGELA W. PRINCE,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CV 08-574-KD-N** |
| | * | |
| **U. S. BANK NATIONAL ASSOCIATION, et al** | * | |
| | * | |
| **Defendants.** | | |

**MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY ON STANDING ISSUE**

COME NOW Plaintiffs and respectfully move this Court for leave to conduct limited

discovery on the issue of whether Defendant U.S. Bank had proper standing to conduct the

foreclosure which is the subject of this action.  More specifically, Plaintiffs wish to conduct

discovery regarding the alleged assignment of the subject Mortgage and Promissory Note from the

original creditor and ultimately to Defendant U.S. Bank.  In support of this motion, Plaintiffs aver

as follows:

1.       This lawsuit was filed on October 2, 2008.  Defendant U.S. Bank filed a Motion to

Dismiss on January 7, 2009 (Doc. 9).

2.       On March 4, 2009, Plaintiffs filed their First Amended Complaint.  In their Amended

Complaint, Plaintiffs allege that the purported foreclosure conducted by U.S. Bank was wrongful

because, *inter alia*, the Mortgage and related Promissory Note was not and could not have been

properly assigned to U.S. Bank and, therefore, U.S. Bank was not the proper party with standing to

conduct the foreclosure.[1] Plaintiffs also alleged that the Mortgage was effectively rescinded through the procedures set out in 15 U.S.C. § 1335 (TILA) and, therefore, there was no effective security interest which would give rise to any foreclosure. (See Doc. 15, ¶ 20-32).

3.    On March 30, 2009, U.S. Bank filed a Motion to Dismiss the First Amended Complaint (Doc. 32). The Motion to Dismiss is premised on the claim that Plaintiffs' rescission of the mortgage was not valid. On that same day, U.S. Bank also filed a "Counterclaim for Ejectment" in which it asserts a claim for possession.

4.    The briefing on the Motion to Dismiss was closed on May 8, 2009 (Doc. 49). That motion is currently under submission.

5.    On April 1, 2009, this Court ordered that discovery be stayed pending ruling on the Motion to Dismiss. (Doc. 39).

6.    Plaintiffs wish to conduct limited discovery solely on the issue of whether or not U.S. Bank had proper standing to conduct a foreclosure. More specifically, Plaintiffs seek to conduct discovery regarding all assignments, negotiations or transfers of the mortgage and the underlying promissory note. The requested discovery consists of 6 interrogatories and 2 document requests. A copy of the proposed Interrogatories and Requests for Production regarding this narrow issue is attached hereto as Exhibit "1."

7.    In order to conduct the foreclosure, U.S. Bank must have had, at the time of the

---

[1]Plaintiffs challenge the foreclosure on essentially two grounds: (1) that the mortgage was effectively rescinded pursuant to 15 U.S.C. § 1635 and, therefore, there was no security interest upon which any foreclosure could be based and (2) that Defendant U.S. Bank, the purported foreclosing entity, had no standing as the mortgage or note holder sufficient to deprive Plaintiffs of title to their property. The complete PSA is also available through the SEC's website at following link: http://www.secinfo.com/d13f21.uDk.d.htm#1stPage.

foreclosure, standing as the creditor. Under Alabama law, this means the party entitled to receive the payments required under the mortgage instrument. Ala. Code § 35-10-12 (1975). Because it was not the original creditor, U.S. Bank must have received ownership of the mortgage, through assignment, and the underlying promissory note, through endorsement, from the original creditor or its proper assignee/transferee.

8.    There is ample basis to question, even at this early stage, whether U.S. Bank had proper standing to conduct foreclosure. At the outset, it must be remembered that the purported "holder" of the mortgage and note is a trust. As the trustee, U.S. Bank's powers are defined by and limited to those set out in the trust instrument. See, e.g., *Belcher v. Birmingham Trust Nat. Bank*, 348 F.Supp. 61. 155-156 (ND Ala. 1968). In this case, that instrument is the applicable Pooling and Servicing Agreement ("PSA"). Therefore, U.S. Bank's ability to obtain possession of the mortgage instrument and note, as trustee, is controlled by the terms of the PSA.[2] Comparing the terms of the PSA to the loan assignment history as represented by U.S. Bank raises serious questions and doubts as to whether this loan could have been properly conveyed into the trust and whether U.S. Bank, as trustee, could be the beneficial owner of that mortgage. To begin with, the PSA describes a chain of title which conflicts with the chain of ownership described by U.S. Bank. According to U.S. Bank, ownership of the mortgage and note was conveyed from Resumae (the original creditor), through MERS as Resumae's "nominee," and then to U.S. Bank, as trustee of the investment trust. (See Doc. 32, pp. 4-5). However, Section 2.01 of the PSA (entitled "Conveyance of Mortgage Loans; Representations and Warranties"), states that the mortgages have been conveyed into the trust

---

[2]Defendants attached a partial copy of the PSA to their Motion to Dismiss (See Doc. 32, Exhibit "B"), but that copy did not include Article II, which addresses assignment of mortgage subject to the PSA. A complete copy of the PSA is attached as Exhibit "2").

by the "Depositor."  The "Depositor" is identified in the preamble of the PSA as Credit Suisse First

Boston Mortgage Securities Corp. ("Credit Suisse").  In Section 2.04, Credit Suisse represents that

it has "good title" to each of the mortgage loans in the trust.  However, U.S. Bank has made no

reference to, much less present any evidence of, any conveyance of the Prince mortgage by or to

Credit Suisse. Also, there is no recorded assignment reflecting any transfer from Resumae to MERS,

or any other entity for that matter.  The one assignment that was recorded is between MERS to U.S.

Bank, but even that is suspect. U.S. Bank has stated that MERS acts only as the "nominee" of the

holder.  Assuming that to be the case, courts have questioned whether MERS' status as "nominee"

provides standing to hold or convey title.  *See, e.g.  In re Mitchell*, 2009 WL 1044368 (BR Nev.

March 31, 2009); *Mortgage Electronic Registration Systems v. Young*, 2009 WL 1564994 (Tex.App.

June 4, 2009).  Moreover, the assignment produced by U.S. Bank purports to convey title from

MERS, in its own name and not as "nominee" of any other entity.  If MERS only acts as a

"nominee," why has MERS purported in the assignment to hold and convey title in its own name?

If it did hold title in its own name, how did it receive title if there is no assignment from the original

creditor?

9.      There is also a serious question of the timing of the purported conveyance of the

mortgage and note into the trust.  The PSA, which created the trust, is dated March 1, 2007.  The

terms of the PSA indicate that all subject mortgages have been and must be conveyed to the trustee

within ninety (90) days of the "Closing Date."  (See Sections 2.02 and 2.05).  The "Closing Date"

is defined as April 2, 2007.  On the other hand, the purported assignment from MERS to U.S. Bank,

as trustee, is dated July 11, 2008;  well after this cut-off period.  How could the Princes' mortgage

really be included in the trust, when the trust was closed months before the conveyance of that loan

4

to the trustee?

10.    These and other questions raise substantial issues regarding U.S. Bank's claim that it had standing to conduct a foreclosure.  This standing issue is fundamental, not only to   the Plaintiffs' wrongful foreclosure claim, but also to the ejectment claim filed by U.S. Bank.  *See Cadle Co. v. Shabani*, 950 So.2d 277, 279 (Ala.2006)("In order to maintain an action for ejectment, a plaintiff must allege either possession or legal title, and the 'action must be commenced in the name of the real owner of the land or in the name of the person entitled to possession thereof....'§ 6-6-280, Ala.Code 1975.").

11.    Allowing this limited discovery at this point in the litigation serves judicial economy. Even if U.S. Bank's motion to dismiss is successful, this Court must adjudicate U.S. Bank's ejectment action, and its standing to bring that action will be at issue.  Therefore, the requested discovery will require U.S. Bank to conduct discovery which it will ultimately have to conduct, regardless of the outcome of the motion to dismiss.  Allowing this discovery now will allow the parties to make use of this time to move the case forward while the motion to dismiss is under submission.

12.    Plaintiffs further submit that responding to this discovery should not present any significant or undue burden upon U.S. Bank.  In order to have proper standing, U.S. Bank should have the documents relating to the assignments, negotiations and transfers in its possession or readily available.  Moreover, as a party to the PSA, U.S. Bank should have access to the basic information sought by Plaintiffs regarding the transfer and assignment of this loan.  Finally, given that U.S. Bank has filed a claim for ejectment in this action, it is reasonable to expect U.S. Bank to be prepared - in this action - to provide proof that it has proper standing to demand and obtain possession of the

Plaintiffs' home.

13.    Plaintiffs submit that, in the interest of justice and the efficient and speedy prosecution of this litigation, discovery commence on this issue without further delay.

WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to conduct limited discovery on the issue of whether Defendant U.S. Bank had proper standing to conduct the foreclosure which is the subject of this action.    More specifically, Plaintiffs wish to conduct discovery regarding the alleged assignment of the subject Mortgage and Promissory Note from the original creditor and ultimately to Defendant U.S. Bank, as reflected in the proposed Interrogatories and Requests for Production attached hereto as Exhibit "1."    Plaintiffs further request leave to conduct deposition discovery on this limited issue of standing.

s/Kenneth J. Riemer
KENNETH J. RIEMER
One of the Attorneys for Barton and Angela
Prince
P. O. Box 1206
Mobile, AL 36633
251-432-9212
251-433-7172 fax
kjr@alaconsumerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record.

s/Kenneth J. Riemer  
KENNETH J. RIEMER