## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARTON E. PRINCE and ANGELA W. PRINCE,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CASE NO.: 08-574-KD-N** |
| **U.S. BANK NATIONAL ASSOCIATION, As trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2, et al.** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Mortgage Electronic Registration Systems, Inc. ("MERS"), Select Portfolio Servicing, Inc. ("SPS"), and U.S. Bank National Trust Association, as Trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2 ("U.S. Bank Trust") (collectively "Defendants"), by and through their undersigned counsel, submit this Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint. In support thereof, Defendants state as follows:

## Jurisdiction

1.     No response is required of Defendants to this paragraph of the Complaint. If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof. Furthermore, Defendants deny that they have violated any law or proximately caused any injury to Plaintiffs. To the extent that Plaintiffs can maintain this action, which Defendants expressly deny, then Defendants admit that jurisdiction and venue would be proper in this Court.

## Summary of Claims

2.     Defendants admit that Plaintiffs entered into a mortgage loan transaction with Resmae Mortgage Corporation. However, Defendants deny all other remaining allegations of this paragraph of the Complaint and demand strict proof thereof.

## The Parties

3.     Because Defendants lack sufficient information to admit or deny the allegations in this numbered paragraph of the Complaint, Defendants deny the same and demand strict proof thereof.

4.     US Bank Trust denies that it is a Minnesota corporation. Defendants do, however, admit that US Bank, N.A. maintains a principal place of business in Minnesota and is engaged in the business of holding mortgages.

5.    MERS admits that it is qualified to conduct business in this State and that the Mortgage at issue provides that MERS is the mortgagee acting in a nominee for the Lender, its successors and assigns.

6.    SPS admits that it is a Utah corporation.  SPS denies that it is a "debt collector."

### Factual Allegations

7.    Defendants admit that a mortgage loan transaction between Plaintiffs and Resmae Mortgage Corporation was entered into on January 26, 2007.

8.    Defendants admit that the beneficial rights to Plaintiffs' mortgage loan were assigned into a trust.

9.    US Bank Trust admits that it is a creditor as defined by 15 U.S.C § 1602(f) and admits that it claims an interest in the property formerly owned by Plaintiffs.

10.    Defendants lack sufficient information to admit or deny the allegations in this numbered paragraph of the Complaint, thus Defendants deny the same and demand strict proof thereof.

11.    Defendants admit that Plaintiffs' loan was secured by real property.

12.    US Bank Trust admits that it had an interest in Plaintiffs' mortgage loan.    Defendants deny all remaining allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

13.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

14.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

15.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

16.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

17.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

18.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

19.    US Bank Trust admits that a lawful foreclosure sale occurred. However, Defendants deny all remaining allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

20.    Defendants admit that the mortgage loan documents speak for themselves.    Defendants, however, deny any allegations in this numbered

paragraph of the Complaint that are inconsistent with the provisions of Plaintiffs' loan documents and demand strict proof thereof.

21.    Defendants admit that the mortgage loan documents speak for themselves.    Defendants, however, deny any allegations in this numbered paragraph of the Complaint that are inconsistent with the provisions of Plaintiffs' loan documents and demand strict proof thereof.

22.    Defendants admit that Plaintiffs' promissory note was assigned to a trust.  Defendants deny all remaining allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

23.    Defendants admit that the note and right to collect moneys due thereunder previously belonged to US Bank Trust.  Defendants lack sufficient information to admit or deny the remaining allegations of this numbered paragraph of the Complaint, because it is unclear what constitutes "at all times relevant herein."

24.    Defendants admit that the MERS system can be used to track transfers of mortgage interests among MERS members.  Defendants, however, deny all remaining allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

25.    MERS admits that Plaintiffs' mortgage loan was assigned a mortgage identification number. Defendants deny all remaining allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

26.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

27.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

28.    Defendants admit that MERS executed a valid assignment of Plaintiffs' mortgage to US Bank Trust. Defendants deny all remaining allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

29.    Defendants admit that the assignment speaks for itself.

30.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

31.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

32.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

33.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

34.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

35.    Defendants admit that Plaintiffs' transaction was considered a closed-end credit transaction.  Defendants also admit that Plaintiffs' transaction constituted a residential mortgage transaction and a federally related mortgage loan under RESPA.  Defendants, however, deny any allegations in this numbered paragraph of the Complaint that are inconsistent with the provisions of Plaintiffs' loan documents and demand strict proof thereof.

36.    No response is required of Defendants to this paragraph of the Complaint, as it quotes and/or restates provisions of TILA and Regulation Z.  If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof to the extent they are inconsistent with the aforestated statute and regulation.  Defendants expressly deny that Plaintiffs have the right to rescind this transaction.

37.    No response is required of Defendants to this paragraph of the Complaint, as it quotes and/or restates provisions of TILA and Regulation Z.  If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof to the extent they are inconsistent with the aforestated statute and

regulation. Defendants expressly deny that Plaintiffs have the right to rescind this transaction.

38.    No response is required of Defendants to this paragraph of the Complaint, as it quotes and/or restates provisions of TILA and Regulation Z. If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof to the extent they are inconsistent with the aforestated statute and regulation. Defendants expressly deny that Plaintiffs have the right to rescind this transaction.

39.    No response is required of Defendants to this paragraph of the Complaint, as it quotes and/or restates provisions of TILA and Regulation Z. If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof to the extent they are inconsistent with the aforestated statute and regulation. Defendants expressly deny that Plaintiffs have the right to rescind this transaction.

40.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

41.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

42.     No response is required of Defendants to this paragraph of the Complaint, as it quotes and/or restates provisions of TILA and Regulation Z.  If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof to the extent they are inconsistent with the aforestated statute and regulation.  Defendants expressly deny that Plaintiffs have the right to rescind this transaction.

43.     Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

44.     Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

45.     Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

## COUNT I
## TILA Violations

46.     Defendants adopt and reallege each and every defense, denial, and averment contained in the previous numbered and unnumbered paragraphs as if fully set forth herein.

47.     Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

48.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

    a.  Defendants deny all allegations of this numbered subparagraph of the Complaint and demand strict proof thereof.

    b.  Defendants deny all allegations of this numbered subparagraph of the Complaint and demand strict proof thereof.

As to the unnumbered paragraphs following paragraph 48 of Plaintiffs' First Amended Complaint, including all sub-paragraphs, Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

## COUNT II
### Wrongful Foreclosure and Slander of Title

49.    Defendants adopt and reallege each and every defense, denial, and averment contained in the previous numbered and unnumbered paragraphs as if fully set forth herein.

50.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

51.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

52.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

53.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

54.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

55.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

56.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

57.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

58.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

59.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

As to the unnumbered paragraphs following paragraph 59 of Plaintiffs' First Amended Complaint, including all sub-paragraphs, Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

## COUNT III
## Negligence

60.    Defendants adopt and reallege each and every defense, denial, and averment contained in the previous numbered and unnumbered paragraphs as if fully set forth herein.

61.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

62.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

As to the unnumbered paragraphs following paragraph 62 of Plaintiffs' First Amended Complaint, including all sub-paragraphs, Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

## COUNT IV
## ECOA

63.— 66.    No response is required of Defendants to the allegations contained in paragraphs 63-66 of the Plaintiffs' Complaint because these claims were dismissed pursuant to the Court's Order dated September 14, 2009. If and to the extent a response is required, then Defendants deny all allegations contained in these numbered paragraphs of the Complaint and demand strict proof thereof.

## DECLARATORY AND INJUNCTIVE RELIEF

67.    Defendants adopt and reallege each and every defense, denial, and averment contained in the previous numbered and unnumbered paragraphs as if fully set forth herein.

68.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

69.    Defendants adopt and reallege each and every defense, denial, and averment contained in the previous numbered and unnumbered paragraphs as if fully set forth herein.

70.    No response is required of Defendants to this paragraph of the Complaint.  If and to the extent a response is required, then Defendants deny all allegations contained in this numbered paragraph of the Complaint and demand strict proof thereof.

71.    Defendants adopt and reallege each and every defense, denial, and averment contained in the previous numbered and unnumbered paragraphs as if fully set forth herein.

72.    Defendants deny all allegations of this numbered paragraph of the Complaint and demand strict proof thereof.

As to the unnumbered paragraphs following paragraph 72 of Plaintiffs' First Amended Complaint, including all sub-paragraphs, Defendants all

allegations contained therein and deny that Plaintiffs are entitled to the relief requested or any other relief.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' claims are barred by waiver, consent, laches, and repose.

2.  Plaintiffs' claims are barred by the doctrines of *in pari delicto* and unclean hands.

3.  Defendants deny that they failed to make any required disclosures to Plaintiffs.

4.  Plaintiffs' claims are due to be dismissed because if any disclosure was not made, such an error would constitute a hypertechnicality and this judicial circuit does not recognize hypertechnicalities as creating a cause of action under TILA.

5.  Plaintiffs fail to state a valid claim for rescission because they fail to allege that they have the ability to tender the rescission amount.

6.  Defendants assert that Plaintiffs should not recover from them because Plaintiffs or one or more persons (other than Defendants) are guilty of negligence, or other willful, wanton or reckless conduct, which proximately contributed to the damages alleged in Plaintiffs' Complaint.

7.    Defendants deny that Plaintiffs' damages were proximately caused by Defendants.

8.    Plaintiffs failed to mitigate their damages.

9.    Plaintiffs' claims are barred by the statute of limitations including, but not limited to, the limitations set forth in 15 U.S.C. §1601 *et seq.*

10.    Defendants' acts and/or omissions were in compliance with all applicable statutes and/or laws.

11.    Defendants' acts and/or omissions were in accordance with the contracts governing their relationship with the Plaintiffs.

12.    Plaintiffs' claims are barred by their failure to do equity.

13.    Defendants assert that any alleged error in the disclosure statement was not apparent on the face of the instrument and thus, they cannot be held liable under 15 U.S.C. § 1641.

14.    Defendants plead judicial estoppel.

15.    Defendants plead equitable estoppel.

16.    Defendants plead acquiescence.

17.    Defendants plead ratification.

18.    Defendants deny that they are guilty of any conduct which entitles Plaintiffs to recover punitive damages.

19.     Defendants deny that the institution of nonjudicial foreclosure proceedings is the equivalent of a judicial complaint.

20.     Defendants deny that Alabama law requires that the chain of title be set forth to the borrowers prior to the institution of nonjudicial foreclosure proceedings.

21.     Plaintiffs lack standing to challenge any assignment of the promissory note.

22.     Plaintiffs are not privy to any trust agreement and they have no rights as a result thereof.

23.     The Plaintiffs are barred from recovering punitive damages in excess of those limits established by Ala. Code § 6-11-21 (1975), as amended.

24.     Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20 and § 6-11-30 (1975), and thereby any claim for such damages is barred.

25.     Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendants' rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in

the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

26.    Any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

27.    Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

28.    It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

29.    Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States

Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a. The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendants' rights to due process as guaranteed by the United States Constitution.

b. The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the fourteenth Amendment of the Untied States Constitution.

c. Plaintiffs' claim for such damages against Defendants cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate Defendants' due process and equal protection rights as guaranteed by the fifth and fourteenth Amendments to the United States Constitution.

d. Plaintiffs' claims for such damages against Defendants cannot be sustained because any award of such damages under Alabama law would violate Defendants' due process rights in as much as juries are

allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

e.  Plaintiffs' claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendants of due process of law.

f.  Plaintiffs' claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause Defendants to be treated differently from other similarly situated persons/entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.  The procedures pursuant to which mental anguish damages are awarded subject Defendants to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in

violation of Defendants' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

h. Plaintiffs' claims for such damages, and the provisions of Alabama laws governing the right to recover such damages or the determination of damages exposes Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendants' alleged conduct, creating a chilling effect on Defendants' exercise of its right to a judicial resolution of this dispute.

i. An award of such damages in this case would constitute a deprivation of property without due process of law.

j. The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

30.    Plaintiffs' claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

31.    Defendants plead the applicability of the Alabama Legislature's amendment to Ala. Code § 6-11-21 (1975) with effective date of June 7, 1999.

32.    Defendants cannot be held liable because they complied with all requirements of Regulation Z.

33.    Defendants expressly reserve the right to amend their Answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

Respectfully submitted this 29th day of September, 2009.

/s/ Mary Blanche Neese Hankey

Shaun K. Ramey
Mary Blanche Neese Hankey
Meaghan E. Ryan
Attorneys for Defendants

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue So.
Birmingham, AL 35205
205-930-5100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29th 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr., Esq.
James Patterson, Esq.
21 South Section Street
Fairhope, AL 36532

Kenneth J. Riemer, Esq.
P.O. Box 1206
Mobile, AL 36633

<u>s/ Mary Blanche Neese Hankey</u>
Of counsel