IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARTON E. PRINCE and ANGELA W. PRINCE, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| v. | ) | CASE NO.: 08-574 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, As trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2, and Mortgage Electronic Registration System, Inc., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., SELECT PORTFOLIO SERVICING, INC., | ) ) ) ) ) | |
| | ) | |
| DEFENDANTS. | | |

**PLAINTIFFS' RESPONSE TO NON-PARTY
RICHMOND MONROE GROUP'S MOTION TO QUASH**

**COME NOW** the Plaintiffs, Barton and Angela Prince and respond to Richmond Monroe Group's (RMG) motion (Doc. 85) as follows:

**RELEVANT FACTS**

1. Plaintiff served a non-party subpoena for the production of documents on RMG on November 17th 2009.

2. The Subpoena was issued out of the Western District of Missouri.

3. RMG's Motion to Quash was filed, not in the Western District of Missouri, but in the Southern District of Alabama on December 4th 2009, seventeen days after service.

4. Plaintiffs allege in their amended complaint at ¶ 30 that "SPS, MERS and U.S. Bank are engaged in and have engaged in a pattern and practice of falsifying and recording assignments of mortgages for the enabling joint ventures to foreclose on property of unsuspecting or unknowing consumers, such as Plaintiffs, illegally and without legal standing or power to foreclose."

5. RMG admits in its motion, at ¶ 8, that it drafted the assignment at issue.

6. Plaintiffs seek the following from RMG:

1. Any and all documents touching on or relating to the Prince Loan #1002602775, for which you drafted the assignment, a copy of which is attached hereinto as, Exhibit B.

2. Any and all agreements and/or contracts that you have with any party listed below:
   a. Select Portfolio Servicing, Inc.
   b. Mortgage Electronic Registration Systems, Inc.
   c. U.S. Bank National Association

3. A copy of any and all documents that touch on or relate to your authority to make the assignment in Exhibit B.

4. Any documents in your possession or control that contain or relate to Barton E. Prince, Angela W. Prince or that property at 8094 Creekbank Drive, Daphne, AL 36526.

7. RMG has not served a timely motion to quash or modify the subpoena that was filed with the issuing court as required by Fed.R.Civ.P. 45(c)(3)(A).

## ARGUMENT

RMG has filed its Motion to Quash in the wrong court. Fed.R.Civ.P. 45(c)(3)(A) requires a motion to quash be filed with the court issuing the subpoena. "Federal Rule of Civil Procedure 45(c)(3)(A) and (B) dictates that the issuing court is to rule on whether its subpoena should be quashed or modified." *Chick-fil-A v. ExxonMobil Corp.*, 2009 U.S. Dist. LEXIS 76431 (S.D. Fla. July 24, 2009) See also *Rivertree Landing, LLC v.*

*Murphy,* No. 6:07-mc-104-GAP-DAB, 2007 WL 3333357, at 1 (M.D. Fla. 2007) ("[T]his Court has no jurisdiction over any subpoena not issued by this Court . . . ."); *WM High Yield v. O'Hanlon,* 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) ("a court sitting in the district where the subpoena was issued and where responsive documents are located is the 'proper forum to rule on a motion to enforce the subpoena duces tecum'") (quoting *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind.2001));

Even if its motion were filed with the proper court it is due to be denied because it was not timely. Fed.R.Civ.P. 45(c)(2)(B) requires a motion to quash be filed with the court "before the earlier of the time specified for compliance or 14 days after the subpoena is served." "A non-party waives any objections if she does not timely object to the subpoena." *In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir. 1998); see also *Wang v. Hsu,* 919 F.2d 130, 131 (10th Cir. 1990); *Angell v. Shawmut Bank Conn. Nat. Ass'n,* 153 F.R.D. 585, 590 (M.D.N.C. 1994).

Even if its motion were filed with the proper court and timely, it is due to be denied. "[T]he factors courts have considered in determining whether a subpoena should be modified or quashed because it presents an undue burden are the relevance of the information requested, the requesting party's need for the documents, the breadth of the document request, the time period covered by the request and the burden imposed, including the expense and inconvenience to a nonparty to whom a request is made." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Since RMG admits that it drafted the assignment at issue, the circumstances under which it was requested and drafted are certainly relevant as Plaintiffs allege that the assignment is fraudulent. The subpoena is not overly broad or burdensome. It seeks only documents

related to the Princes' loan, contracts between RMG and any of the parties, documents that relate to RMG's authority to draft the assignment and documents otherwise related to the Princes.

The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Hickman v. Taylor*, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." Id. at 352. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States,* 502 F.2d 506 (5th Cir. 1974).

## CONCLUSION

For the reasons stated above RMG's motion should be denied.

    s/Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)

LAW OFFICES OF EARL P. UNDERWOOD, JR.
21 South Section Street
Fairhope, AL  36532
(251) 990-5558
epunderwood@gmail.com

CERTIFICATE OF SERVICE

    I hereby certify that on December 17th 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Shaun K. Ramey  
Sirote & Permutt, P.C.  
2311 Highland Ave S  
Birmingham AL 35205

                                                        /s/ Earl P. Underwood, Jr.  
                                                        Earl P. Underwood, Jr.